UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cr-00275-JAR-NCC |
| | ) |
| JOANN HELMS, a.k.a. | ) |
| JOANN LOSH, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Cort A. VanOstran, Assistant United States Attorney for said District, and moves the Court to order Defendant JOANN HELMS detained pending trial, and further requests that a detention hearing be held three (3) days from the date of the defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, *et seq.*

As and for its grounds, the Government states as follows:

1.      Defendant JOANN HELMS ("Defendant") is charged with conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349; aggravated identity theft in violation of Title 18, United States Code, Section 1028A; and access device fraud in violation of Title 18, United States Code, Sections 1029(a)(2).  Pursuant to Title 18, United States Code, Section 3142(f)(2), the United States moves this Court to hold a detention hearing in this matter because this case involves a serious risk that Defendant will flee or obstruct, or attempt to obstruct,

justice; the defendant is a threat to the community; and, no conditions can reasonably assure the defendant's appearance or the safety of the community.

2. The Bail Reform Act, codified at Title 18, United States Code, Section 3142, sets forth what courts have described as a "two step inquiry" to decide whether a defendant should be detained pending trial. *See United States v. Shakur*, 817 F.2d 189, 194 (2d Cir. 1987). First, before conducting a detention hearing, the Court must be satisfied that the case is eligible under one of the categories in Section 3142(f). *See United States v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988) ("[T]he structure of the statute and its legislative history make it clear that Congress did not intend to authorize preventative detention unless the judicial officer first finds that one of the § 3142(f) conditions for holding a detention hearing exists."). Second, if the case is eligible, the Court then "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). In making this determination, the Court considers the factors set forth in Title 18, United States Code Section 3142(g), including "the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger posed by the defendant's release."

3. As to the first step in the inquiry, the Bail Reform Act sets forth categories of eligible cases for which the Court must hold a detention hearing. Under Section 3142(f)(1), the Court shall hold a detention hearing "upon motion of the attorney for the Government" in a case that involves certain types of offenses, *e.g.*, a crime of violence. The offenses charged in the present matter do not fall within 3142(f)(1). Section 3142(f)(2), which applies in the present case, requires a detention hearing "upon motion of the attorney for the Government or upon the judicial

officer's own motion in a case that involves (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

4. Beginning in or around 2022, and continuing through the present, the Defendant engaged in a conspiracy to defraud financial institutions in which Defendant or her co-conspirator would impersonate victims and steal account numbers, credit cards, and debit cards issued in victims' names. Defendant or her co-conspirator then utilized the stolen financial account information to enrich themselves. Defendant's conspiracy has resulted in countless fraudulent purchases, ATM withdrawals, and the like, resulting in distressing financial consequences for her victims. Defendant's conspiracy has resulted in actual or attempted fraud totaling in the hundreds of thousands of dollars and sprawling across multiple jurisdictions.

5. The evidence against the Defendant is incontrovertible. Fraudulently obtained credit and debit cards have been sent to Defendant's address (or to addresses under her control).



3

The Defendant can be seen on camera using such stolen access devices, such as in the footage excerpted above, wherein she was accessing funds from an account belonging to Victim G.L.

6. The Defendant's extensive criminal history suggests she is a serious risk of flight and a danger to the community. She has been arrested approximately fourteen (14) times since 1997. She was convicted of felony stealing in 2000 and was incarcerated from approximately 2000 through 2004. More recently, she was convicted of possession of a controlled substance in 2023. Additional drug-related charges were filed against her this year.

7. At present, to the best of counsel's knowledge and belief, the Defendant has two drug-related cases pending against her and is on probation—which probation has been suspended, likely based on violation—in two other drug-related cases. The Defendant has been cited for failing to appear in numerous instances in these cases, establishing that she is a serious risk of nonappearance and not a good candidate for bond.

8. Because the United States has made the necessary showing that the defendant poses a serious risk of flight, this Court should hold a detention hearing. At that hearing, the Court considers the factors set forth in Title 18, United States Code Section 3142(g).

9. Pursuant to Title 18, United States Code, Section 3142(g):

(a) the weight of the evidence against the defendant;

(b) the defendant's history and characteristics; and

(c) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release

all warrant the defendant's detention pending trial.

WHEREFORE, there are no conditions or combination of conditions that will reasonably assure the defendant's appearance as required and the safety of any other person and the

community, and the United States requests this Court to order the defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of the defendant's initial appearance.

    Respectfully submitted,

    SAYLER A. FLEMING
    UNITED STATES ATTORNEY

    */s/ Cort A. VanOstran*
    CORT A. VANOSTRAN, #67276MO
    Assistant United States Attorney
    Thomas F. Eagleton Courthouse
    111 South Tenth Street, 20th Floor
    St. Louis, Missouri 63102
    (314) 539-2200