UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:24 CR 275 JAR (NCC) |
| JOANN HELMS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Government's Motion for Pretrial Detention. (ECF No. 7). The Court held a detention hearing on June 12, 2024. After considering all of the evidence in this case, the Government's request for pretrial detention is denied.

## BACKGROUND

Ms. Helms is charged with conspiracy to commit bank fraud, fraud in connection with access devices, and aggravated identity theft. (ECF No. 1). The Government alleges that Ms. Helms has committed bank fraud and aggravated identity theft in multiple jurisdictions over the past two years. The Government seeks pretrial detention pursuant to 18 U.S.C. §§ 3141-3142 of the Bail Reform Act. The Government alleges Ms. Helms poses a serious risk of being a danger to the community and a serious risk of flight. Ms. Helms filed a memorandum in opposition to the Government's request. (ECF No. 37). The United States Pretrial Services Office prepared a Bail Report for the Court's consideration. (ECF No. 21). The Court adopts the factual statements in the Bail Report as part of the record for the detention issue.

Ms. Helms is 51 years old and has lived her entire life in the Eastern District of Missouri. Ms. Helms has been unemployed since 2016 after having back surgery. She has no financial assets or liabilities. Ms. Helms does not possess a passport and has never left the country. She suffers from no mental health issues. Ms. Helms has been using methamphetamine for over 25

years. She has felony criminal convictions for stealing, forgery, and three convictions for possession of a controlled substance. She has three pending cases for possession of a controlled substance. She has a history of failing to appear in court, and she performed poorly on state supervision.

## DISCUSSION

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. . . . The [Bail Reform] Act authorizes the detention prior to trial of arrestees charged with serious felonies who are found after an adversary hearing to pose a threat to the safety of individuals or to the community which no condition of release can dispel." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance[.]" *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (emphasis original; quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) and *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc)).

The Bail Reform Act requires the Court to consider a number of factors, the first of which includes the nature and circumstances of the offense charged. § 3142(g)(1). The charges against Ms. Helms are serious, but the Bail Reform Act preserves her presumption of innocence. § 3142(j). The Court also considers the weight of the evidence, which is strong.

The Court takes into account Ms. Helms's history and personal characteristics, including:

> the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.

§ 3142(g)(3)(A).

Ms. Helms has strong family and community ties in this District. Ms. Helms suffers from back problems but is mentally healthy. She does not have a passport. However, she has a serious substance abuse problem, together with a long criminal history which seems to be centered around her addiction to methamphetamine. The Court will impose strict conditions of release sufficient to reasonably assure the safety of the community, minimize her risk of flight, and reasonably assure her appearances in court.

The Court will impose conditions of release which will require Ms. Helms to immediately enter and complete inpatient drug treatment, and then continue with outpatient counseling. She will be prohibited from using or possessing any illegal controlled substances and possessing any weapons. Her travel will be restricted, and she will be placed on house arrest as soon as she completes inpatient treatment. The Court will impose strict conditions to limit her access to other people's financial accounts, bank accounts and personal identity information. **Ms. Helms will also be required to clear all outstanding warrants prior to her release on bond.**

The Court must consider the nature and seriousness of the danger which would be posed by Ms. Helms's release. The Court is mindful of the seriousness of the charges against Ms. Helms, but believes these strict conditions of release will reasonably assure her appearance in court and the safety of the community. Finally, the Court may inquire as to the source of the funds used to post Ms. Helms's bail. However, the Court sees no need to make such an inquiry as the Court will release Ms. Helms on her own recognizance.

The Court has carefully considered the Government's motion for detention. After considering all of these matters, the Court will release Ms. Helms on a set of conditions which will reasonably assure her appearance and the safety of the community. With these conditions in

place, the Court does not find by a preponderance of the evidence that there is a serious risk Ms. Helms will not appear as required. Nor does the Court find by clear and convincing evidence that there is a serious risk she will endanger the safety of another person or the community.

**IT IS HEREBY ORDERED** that the Government's Motion for Pretrial Detention, (ECF No. 7), is DENIED.

STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of June, 2024.